### THE NOWSHERA.

### THE NEWBY HALL.

### THE SUTTON HALL.

(District Court, S. D. New York.    December 29, 1926.)

Aliens ⊜⇒53—Seamen of excluded classes of aliens are not permitted shore leave (Immigration Act 1917, § 32 [Comp. St. § 4289¼r]).

Immigration Act 1917, § 32 (Comp. St. § 4289¼r), providing that no alien excluded from admission into the United States, employed on board any vessel arriving from a foreign port, shall be permitted to land, except temporarily, for medical treatment or pursuant to regulations prescribed by the Secretary of Labor, applies to seamen if of an excluded class.

In Admiralty.    Libels by the United States against the steamships Nowshera, Newby Hall, and Sutton Hall.    On Exceptions to libels.    Overruled.

Emory R. Buckner, U. S. Atty., of New York City (Mary R. Towle, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (W. H. Arnold and Charles B. Hester, all of New York City, of counsel), for claimant.

AUGUSTUS N. HAND, District Judge. These are libels of information against the above-named vessels, alleging that the vessels, respectively, brought to the port of New York and into the United States from a foreign port certain aliens employed on board said vessels, and that said aliens were excluded from admission to the United States by a law of the United States regulating the admission of aliens, namely, the Immigration Act of February 5, 1917 (Comp. St. § 4289¼a et seq.); that, while the aliens were on board, the Commissioner of Immigration notified in writing the chief officer and master to detain the aliens on board the said vessels; that the chief officer and master, after receiving said notice, negligently failed to detain the aliens, and negligently permitted them to desert the vessel and to land in the United States, in violation of section 32 of the Act of February 5, 1917 (Comp. St. § 4289¼r). For the foregoing reasons, the libels allege that the steamships each became liable for the payment of a statutory penalty.

Although not specifically set forth in the libel, it was admitted at the argument that the aliens in question were East Indians. As such they were barred by the terms of section 3 of the Act of February 5, 1917 (Comp. St. § 4289¼b), from entering the country unless a seaman, irrespective of whether or not he comes within the prohibited class, be regarded as entitled to enter by reason of a right to "shore leave." Section 32 of the Act of February 5, 1917, reads as follows:

"That no alien excluded from admission into the United States by any law, convention, or treaty of the United States regulating the Immigration of aliens, and employed on board any vessel arriving in the United States from any foreign port or place shall be permitted to land in the United States, except temporarily for medical treatment, or pursuant to regulations prescribed by the Secretary of Labor providing for the ultimate removal or deportation of such alien from the United States, and the negligent failure of the owner, agent, consignee, or master of such vessel to detain on board any such alien after notice in writing by the immigration officer in charge at the port of arrival, and to deport such alien, if required by such immigration officer or by the Secretary of Labor, shall render such owner,

agent, consignee, or master liable to a penalty not exceeding $1,000, for which sum the said vessel shall be liable, and may be seized and proceeded against by way of libel in any district court of the United States having jurisdiction of the offense."

It is urged by proctors for claimants that the words in the foregoing section, that "no alien excluded from admission into the United States by any law * * * shall.be permitted to land in the United States, except temporarily for medical treatment, or pursuant to regulations prescribed by the Secretary of Labor providing for the ultimate removal or deportation of such alien from the United States, * * *" does not embrace seamen.

In the opinion in the recent case of United States v. New York & Cuba Mail Steamship Company, 269 U. S. at page 311, 46 S. Ct. 115 (70 L. Ed. 281), it is said that:

"The Act of 1917, inter alia,.dealt specifically with 'alien seamen,' using that term, * * * as meaning 'aliens employed on any vessel arriving in the United States from a foreign port.' It provided that, if not within any of the classes excluded by reason of disease or otherwise, they might be admitted into the United States as other aliens, but, if not so admitted, prohibited them from landing, except for certain temporary purposes, under regulations prescribed by the Secretary of Labor. * * *"

This language seems to militate strongly against the contention that section 32, supra, does not relate to seamen. It was held in the case of United States ex rel. Lum Young v. Stump, Commissioner, 292 F. 354, by a majority of the Circuit Court of Appeals for the Fourth Circuit, consisting of Waddill, Circuit Judge, and McDowell, District Judge, that Chinese persons, though in general within the prohibited classes, if bona fide seamen, are not prohibited by section 32 of the Act of February 5, 1917, from landing. The case, however, reversed a decision of Judge Rose in the District Court (287 F. 192), and the reasoning seems to have been answered by the dissenting opinion of Woods, Circuit Judge, in which he showed that section 32 of the act of 1917 was intended to change the law and to exclude seamen of the prohibited class from landing.

Judge Hough, in the case of United States ex rel. Chin Loy v. Curran, 1923 A. M. C. 1145, and Judge Knox, in the case of United States v. S. S. Limon (D. C.) 14 F.(2d) 153, 1926 A. M. C. 1227, each stated a preference for the result indicated in the dissenting opinion of Judge Woods.

The case of Scharrenberg v. Dollar S. S. Co., 245 U. S. 122, 38 S. Ct. 28, 62 L. Ed. 189, is not in point, because the suit arose prior to the act of 1917, and the opinion dealt only with the construction of the Contract Labor Law (34 Stat. 898, as amended by Act March 26, 1910 [36 Stat. 263]). It was there held that the employment of an alien as a seaman did not amount to assisting an alien to enter the country in violation of that law. One of the purposes of the act of 1917 seems to have been to prevent the infiltration of aliens of the prohibited class by means of their employment as seamen.

The exceptions are overruled.